10 CV 1647

JUDGE BUCHWALD

Brent E. Pelton, Esq. [BP-1055]
PELTON & ASSOCIATES PC
111 Broadway, Suite 901
New York, New York 10006
(Phone) (212) 385-9700; (Fax)(212) 385-0800
pelton@peltonlaw.com



RECEIVED
MAR 02 2010
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------x

DENIS DUKOV and STEPHANIE NELSON,
Individually and on Behalf of All Others
Similarly Situated,

                                    Plaintiffs,

    vs.

GINZA 1, LLC, GINZA 2, LLC, GINZA
3, LLC, GINZA 4, LLC, GINZA 5, LLC,
GINZA 6, LLC, GINZA MANAGEMENT,
LLC, GINZA PROJECT, LLC,  MARI
VANNA, VICTORIA NATOVICH ,
TATIANA B. BRUNETTI and JOHN JOES
#1-10 Jointly and Severally,

                                    Defendants.

--------------------------------------------x

ECF

Civil Action No. 10-cv-_____

**CLASS & COLLECTIVE
ACTION COMPLAINT**

Plaintiffs DENIS DUKOV ("Dukov") and STEPHANIE NELSON ("Nelson" and,

collectively with Dukov, "Plaintiffs") allege, on behalf of themselves and all other similarly

situated current and former employees of the defendants, as class representatives, upon personal

knowledge as to themselves and upon information and belief as to other matters, allege as

follows:

## NATURE OF THE ACTION

1.      This case is about an upscale Russian restaurant group, the Ginza Project, and its

wage and hour practices with its two US restaurants.  The Ginza Project, which operates several

dozen upscale eateries in Russia and two restaurants in Manhattan, routinely denies its U.S.

workers minimum wage and overtime compensation while unlawfully confiscating hard-earned tips and charging employees fines for dish breakage and service disruptions.

2.      While the Ginza Project's Mari Vanna restaurant is named after a mythical woman who welcomed diners into her home with open arms, feeding them traditional Russian fare on her finest china and linens, the restaurant group's welcome arms was delivered by workers who were routinely subjected to policies and practices that violate federal and state wage and hour laws.

3.      At Mari Vanna, pursuant to company policy, Defendants routinely take a portion of the tips earned by servers, bussers, bartenders and runners and redistribute them to kitchen staff and/or keep the tips for the company or its managers.  This lawsuit seeks to recover misappropriated tips and to return them to the workers who earned them.

4.      Defendants also routinely fail to pay Mari Vanna employees the statutory minimum wage for all hours worked and fail to pay them the proper overtime rate for all hours worked in excess of 40 hours per week.  Defendants routinely required their employees to work "mandatory volunteer days," forcing employees to work off-the-clock cleaning, decorating and preparing the restaurant for service without any compensation whatsoever.  Defendants routinely violate the restaurant minimum wage, paying Plaintiffs $2.13 per hour for regular wages and overtime compensation at $3.19 an hour.  This lawsuit seeks to force Defendants to pay their US employees all of the wages they earned, as the law requires.

5.      Upon information and belief, Mari Vanna is not the only Ginza Project restaurant at which the workers are shortchanged.  Another Ginza Project restaurant, Los Dados, an upscale Mexican restaurant located within the Meatpacking District, regularly fails to pay wages and overtime when due while confiscating gratuities from its employees.  Los Dados employees

became so upset regarding Defendants pay practices that they refused to work until at least some of the outstanding money owed was paid.

6.  Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former employees of Mari Vanna who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), and assert that they are entitled to: (i) unpaid wages and minimum wages from defendants GINZA 1, LLC ("Ginza 1"), GINZA 2, LLC ("Ginza 2"), GINZA 3, LLC ("Ginza 3"), GINZA 4, LLC ("Ginza 4"), GINZA 5, LLC ("Ginza 5"), GINZA 6, LLC ("Ginza 6"), GINZA MANAGEMENT, LLC ("Ginza Management"), GINZA PROJECT, LLC ("Ginza Project" and, collectively with Ginza 1, Ginza 2, Ginza 3, Ginza 4, Ginza 5, Ginza 6 and Ginza Management, the "Corporate Defendants"), VICTORIA NATOVICH ("Natovich"), TATIANA B. BRUNETTI ("Brunetti") and JOHN DOES #1-10 (collectively with Natovich and Brunetti, the "Individual Defendants" and collectively with the Corporate Defendants, the "Defendants"), for work performed for which they received no compensation at all; (ii) unpaid minimum wage for all hours worked; (iii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law; and (iv) liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

7.  Plaintiffs further complain on behalf of themselves and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to wages and minimum wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay along with reimbursement of all illegal wage deductions, as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime

Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), and the supporting New York State Department of Labor regulations.

<div align="center">

### JURISDICTION AND VENUE

</div>

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

<div align="center">

### THE PARTIES

</div>

6.     Plaintiffs Dukov and Nelson were, at all relevant times, adult individuals residing in New York County, New York.

7.     Upon information and belief, Ginza 1, Ginza 2, Ginza 3, Ginza 4, Ginza 5, Ginza 6, Ginza Management and Ginza Project have operated Mari Vanna Restaurant and Los Dados Restaurant, and have been, at all times relevant herein, New York domestic limited liability corporations with their principle places of business at 41 East 20th Street, New York, New York 10003.

8.     Upon information and belief, the Individual Defendants have been, at all material times herein, the officers, directors, managing agents and majority shareholders of the closely-held Corporate Defendant, whose addresses are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant, and who acted intentionally and maliciously

<div align="center">4</div>

and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

9.      Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all wait staff, kitchen staff and all other similar non-exempt employees who are or were formerly employed by Defendants since March 1, 2007 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages or minimum wages for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

10.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least forty (40) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

11.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

12.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

13.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e.  whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

 f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

 g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

14. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

15. Plaintiffs sue on their own behalf, and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

16. Plaintiffs bring their New York Labor Law claims on behalf of wait staff, kitchen staff and all other similar employees who were employed by Defendants at any time since March 1, 2004, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages, minimum wages and/or overtime wages, and who have had illegal payroll deductions and/or gratuities withheld, in violation of the New York Labor Law (the "Class").

17. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns and successors, or any individual who has, or who at any time during the class period has had a controlling interest in the Corporate Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

18. The persons in the Class identified above are so numerous that joinder of all

members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are in excess of forty (40) members of the Class during the Class Period.

19.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.  The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.

21.     Plaintiffs and all the Rule 23 Class members work or have worked for Defendants as hourly food service employees for Defendants.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the New York Labor Law to be paid for all hours worked, to be paid minimum and overtime wages and to keep the tips they earn.  Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the New York Labor Law.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns.

22.     Plaintiffs have committed themselves to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

23.     Plaintiffs have the same interests in this matter as all other members of the class and Plaintiffs' claims are typical of the Class.

24.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.  whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b.  whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiffs and members of the Class;

c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d.  whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked and premium pay for hours worked in excess of forty hours per workweek;

e.  whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees;

f.  whether Defendants failed to pay Plaintiffs and the members of the Class an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split shift worked in a day; and

h.  whether Defendants denied Plaintiffs and the members of the Class tips and gratuities, or otherwise redistributed portions of the tips earned by Plaintiff s and the Class Members to employees not entitled to tips under the FLSA or the NYLL;

   i.   Whether Defendants made unlawful deductions from the wages of Plaintiffs and the Class Members, including but not limited to deductions for uniform-related expenses, credit card fees, spillage and breakage.

## STATEMENT OF FACTS

25.    At all relevant times, Defendants have been in the restaurant business. Defendants currently own, operate and manage a restaurant that specializes in traditional Russian cuisine located at 41 East 20th Street in the Gramercy/Flatiron neighborhood of Manhattan.

26.    Defendants employ at least thirty (30) employees at any one time in their restaurant business and have a high rate of employee turnover.

27.    Plaintiffs have been employed by Defendants in positions as restaurant employees whereby they performed work as servers.

28.    Dukov worked for Defendants from approximately August 2009 through February 4, 2010, and he was typically required to work for Defendants at least forty (40) hours each week. Dukov was paid a varying wage rate typically below the required minimum wage and frequently as low as two (2) dollars per hour. Dukov was also frequently required to work "volunteer hours" for which he received no compensation at all. In addition, Defendants often deducted fifty (50) dollars from Dukov's gratuities for broken dishes and he was not paid for all gratuities that customers left for him.

29.    Defendants unlawfully retained or received portions of the tips that Plaintiffs and the Class Members earned and redistributed portions of the gratuities earned by Plaintiffs and the Class to employees to employees not customarily allowed to participate in a New York tip pool.

30.    Defendants made unlawful deductions for credit card service fees and failed to compensate Plaintiffs and the Class for the purchase, cleaning, care and maintenance of the

uniforms they required Plaintiffs to wear while working at their restaurants.

31.     Defendants did not pay Plaintiffs or the Class spread-of-hour pay for shifts of ten hours or more or for split-shifts.

32.     Defendants failed to pay Plaintiffs or the Class call-in pay for days when they worked for less than four hours.

33.     Nelson worked for Defendants from approximately September 2009 through February 4, 2010, and she was typically required to work at least forty (40) hours per week for Defendants.  Nelson was paid a varying wage rate typically below the required minimum wage and frequently as low as two (2) dollars per hour.  Nelson was also frequently required to work "volunteer hours" for which she received no compensation at all.  In addition, Defendants often deducted fifty (50) dollars from Nelson's gratuities for broken dishes while not being paid for all gratuities.

34.     Upon information and belief, Defendants similarly paid wait staff, kitchen staff and other non-managerial employees at rates below the required minimum wage, with no premium pay for overtime hours, and frequent deductions from their gratuities and wages.

35.     Throughout the Time Period, Plaintiffs were typically required to work well in excess of forty hours per week and Defendants' failed to pay Plaintiffs' overtime compensation for hours worked in excess of forty hours per week.   Defendants also failed to pay Plaintiffs minimum wages and wages for all hours that they worked, failing to pay them at all for certain work performed during the Time Period.

36.     Throughout the time period, Defendants required Plaintiffs to work their full shifts and frequently required Plaintiffs to perform extra work after their shift had ended without paying for time worked beyond the scheduled shift.  Defendants routinely deducted hours from Plaintiffs'

and the Class Members' time worked, while requiring substantial off-the-clock work.

37.     Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

38.     The work performed by Plaintiffs required little skill and no capital investment.

39.     Plaintiffs typically worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

40.     In addition to the Plaintiffs, during the Time Period Defendants usually employed at least thirty (30) other employees simultaneously and Defendants had high rates of employee turnover.

41.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in positions that required little skill and no capital investment providing general restaurant services.

42.     Such individuals have worked in excess of 40 hours a week yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

43.     As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

44.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective

Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

45.    Upon information and belief, throughout all relevant time periods and during the course of Plaintiffs' own employment and while the Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

46.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

47.    At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

49.    Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

50.    Plaintiffs have provided their consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiffs' written consent is attached hereto and incorporated by reference.

51.    At all relevant times, the Defendants had a policy and practice of refusing to pay minimum wages and wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek, while skimming hours from employees' paychecks by requiring off-the-clock work and by failing to pay for all hours

recorded in Defendants' timekeeping system.

52.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action members, at the required minimum wage for each hour worked, the Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.* and its implementing regulations.

54.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

55.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

8.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from Defendants their unpaid minimum wages, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

56.     Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

57.     At all relevant times, Plaintiffs and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58.     Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them compensation at minimum wage for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, and by retaining Plaintiffs' gratuities and deducting wages from their pay, all in violation of the New York Labor Law and its regulations.

59.     Defendants have engaged in a widespread pattern, policy and practice of violating the NYLL, as detailed in this Class Action Complaint.

60.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect the Plaintiffs and the Class members.

61.     The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

62.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to New York Labor Law § 663(1) et al and § 196-d, and the supporting New York State Department of Labor Regulations,

including but not limited to the regulation in 12 N.Y.C.R.R. Sec. 137-1.2.

63.     Defendants were not allowed to avail themselves of the NYLL tipped minimum wage.  Defendants failed to pay Plaintiffs and the Class Members even the tipped minimum wage, and failed to post, in a conspicuous place, a notice issued by the New York State Department of Labor summarizing minimum wage provisions, in violation of the NYLL and supporting New York State Department of labor Regulations.

64.     Defendants failed to furnish Plaintiffs and the Class members a statement with every payment of wages listing hours worked, rates paid, gross wages and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations.

65.     By Defendants' knowing or intentional failure to pay the Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, Sec. 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. Part 137.

66.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs of the action and pre-judgment and post-judgment interest.

67.     Plaintiffs seek liquidated damages pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW – FAILURE TO PAY WAGES

68.     Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69.          Defendants failed to pay Plaintiffs and the members of the Class compensation at the agreed upon regular and overtime compensation rates, and failed to pay Plaintiffs and members of the Class the benefits and wage supplements owed to them.

70.          Defendants' failure to pay Plaintiffs and the members of the Class at the agreed-upon rates constitutes a violation of, inter alia, New York Labor Law Sections 191 and 198.

71.          Due to Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid compensation, interest, reasonable attorneys' fees, and the costs and disbursements of this action.  In the event this action is not certified as a Class Action, Plaintiffs are also entitled to, and seek, liquidated damages pursuant to New York Labor Law.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW – UNLAWFUL GRATUITY DEDUCTIONS

59.     Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

60.     Upon information and belief, Defendants have failed to compensate Plaintiffs and members of the Class for all gratuities earned by deducting from Plaintiffs' gratuities for broken dishes, in violation of Section 196-d of the New York Labor Law.  Accordingly, Defendants are now required to compensate Plaintiffs and the members of the Class for gratuities wrongfully deducted by Defendants.

61.     The Defendants' New York Labor Law violations have caused Plaintiffs and the members of the Class irreparable harm for which there is no adequate remedy at law.

62.          Due to the Defendants' New York Labor Law violations, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid

overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to New York Labor Law § 663(1) et al and § 196-d. Plaintiffs seek liquidated damages pursuant to New York Labor Law § 663(1) only in the alternative if the plaintiff Class is not certified.

### FIFTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – SPREAD-OF-HOURS PAY

59.     Plaintiffs, on behalf of themselves and the members of the Class, repeat, reallege and incorporate by reference the foregoing allegations as if set forth in full herein.

60.     Defendants have willfully failed to pay Plaintiffs and the Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

61.     By Defendants' failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to 12 N.Y.C.R.R. §§ 137-17, 3.10.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

b.     Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C.

§216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

c. An order tolling the statute of limitations;

d. An award of damages arising out of the non-payment of minimum wages;

e. An award of damages arising out of the non-payment of regular and overtime wages;

f. An award of damages arising out of the non-payment of gratuities;

g. An award of damages arising out of unlawful wage deductions;

h. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

i. An award of prejudgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
March 2, 2010

PELTON & ASSOCIATES PC

By: _____

Brent E. Pelton (BP 1055)
Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, Suite 901
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

January 22, 2010
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Mari Vanna and the Ginza Project, LLC and/or their owners and affiliates to pay me wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  2/9/10        _Stephanie Nelson_
Signature            Date                 Printed Name

January 22, 2010
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Mari Vanna and the Ginza Project, LLC and/or their owners and affiliates to pay me wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    2/9/10    _Denis Durov_
Signature                Date                  Printed Name

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————— x

DENIS DUKOV and STEPHANIE NELSON, :
Individually and on Behalf of All Others :
Similarly Situated, :
                                              :
                          Plaintiffs,         :    Civil Action No. 10-cv-_____
                                              :
        vs.                                   :
GINZA 1, LLC, GINZA 2, LLC, GINZA             :
3, LLC, GINZA 4, LLC, GINZA 5, LLC,           :
GINZA 6, LLC, GINZA MANAGEMENT,               :
LLC, GINZA PROJECT, LLC, MARI                 :
VANNA, VICTORIA NATOVICH,                     :
TATIANA B. BRUNETTI and JOHN JOES             :
#1-10 Jointly and Severally,                  :
                          Defendants.         :
————————————————————— x


# EXHIBIT "A"


# PAYROLL RECORDS AND
# SUPPORTING MATERIALS

FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**

Denis Y Dukov

New York, NY 10032

Soc Sec #: Employee ID: 60

Home Department: 100 Front

Pay Period: 01/16/10 to 01/22/10

Check Date: 01/29/10 Check #: 1049901437

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 92.93 | 355.82 |
| NET PAY | 92.93 | 355.82 |

FOLD AND REMOVE

**EARNINGS**

| DESCRIPTION | HOURS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Regular | 40.00 | 2.1300 | 85.20 | 152.00 | 323.76 |
| Overtime | 5.00 | 3.1950 | 15.98 | 20.00 | 63.91 |
| EARNINGS | 45.00 | | 101.18 | 172.00 | 387.67 |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 6.27 | 24.02 |
| Medicare | | 1.47 | 5.62 |
| NY Disability | | 0.51 | 1.87 |
| NY NYC Inc | S 1 | | 0.34 |
| TOTAL | | 8.25 | 31.85 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | 92.93 | 355.82 |

Payrolls by Paychex, Inc.

020 0020-TT33 Ginza 2 Llc • Dba Mari Vanna • 580 W 43rd St Apt 37 C • New York NY 10036

FOLD AND REMOVE

**PERSONAL AND CHECK INFORMATION**
Stephanie Nelson

Soc Sec #                    Employee ID: 92
Home Department: 100 Front

Pay Period: 01/16/10 to 01/22/10
Check Date: 01/20/10   Check #: 1049901444

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 92.83 | 302.16 |
| NET PAY | 92.83 | 302.16 |

**EARNINGS**

| DESCRIPTION | HOURS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Regular | 40.00 | 2.1300 | 85.20 | 147.00 | 313.11 |
| Overtime | 5.00 | 3.1950 | 15.98 | 5.00 | 15.98 |
| EARNINGS | 45.00 | | 101.18 | 152.00 | 329.09 |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 6.27 | 20.40 |
| Medicare | | 1.47 | 4.78 |
| NY Disability | | 0.51 | 1.65 |
| NY NYC Inc | S 0 | 0.10 | 0.10 |
| TOTAL | | 8.35 | 26.93 |

| | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| NET PAY | 92.83 | 302.16 |

FOLD AND REMOVE

Payrolls by Paychex, Inc.

020 0020-TT33 Gmza21lc · Dba Nan Vanna · 560 W 43rd St Apt 37 C · New York NY 10036

**From:** Kot Ya (kostyarik@yahoo.com)
**To:** Denis Dukov
**Date:** Tue, December 22, 2009 2:20:28 PM
**Subject:** Fwd: Spend a day in the kitchen with Mari Vanna!


Sent from my iPhone

Begin forwarded message:

> **From:** Victoria Natovich <vika247@gmail.com>
> **Date:** 21 декабря 2009 г. 16:13:33 Восточно-американское стандартное время
> **To:** Konstantin Vishnikin <kostyarik@yahoo.com>, Stephanie Nelson
> <stephanie.n.nelson@gmail.com>, Tadas Valumleenas <tadas85@hotmail.com>,
> aakrvgin@yahoo.com, Pavel Beskrovnyy <pavelbeskrovnvv@yahoo.com>
> **Cc:** irka <validavav@gmail.com>, Kostya Samarin <tosamarin@gmail.com>, Tatianna Zheludkova
> <geltanya@mail.ru>, Tatiana Brunetti <tvb4@hotmail.com>
> **Subject:** Re: Spend a day in the kitchen with Mari Vanna!

> I HAVE ASKED ALL OF YOU TO COMPLETE THIS ASSIGNMENT HOWEVER YOU HAVE
> IGNORED MY REQUEST. THIS SHOWS ME THAT YOU DISRESPECT ME AND THE
> OWNER, TATIANA

> AS A RESULT NOT ONLY IM TAKING YOU OFF THE SCHEDULE DURING THIS BUSY
> TIME, I WON'T PUT YOU ON FOR THE NEW YEARS

> IN ADDITION YOU ARE REQUIRED TO REPORT TO MARI VANNA ON TUESDAY
> DECEMBER 22, WEDNESDAY DECEMBER 23RD AND THURSDAY DECEMBER 24 AT

