FOX ROTHSCHILD LLP
Carolyn D. Richmond, Esq.
Eli Z. Freedberg, Esq.
100 Park Avenue, Suite 1500
New York, NY 10017
(212) 878-7900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENIS DUKOV and STEPHANIE NELSON, Individually and on Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>- against -<br><br>GINZA 1, LLC, GINZA 2, LLC, GINZA 3, LLC, GINZA 4, LLC, GINZA 5, LLC, GINZA 6, LLC, GINZA MANAGEMENT, LLC, GINZA PROJECT, LLC, MARI VANNA, VICTORIA NATOVICH, TATIANA B. BRUNETTI and JOHN DOES #1-10 Jointly and Severally,<br><br>Defendants. | ECF Case<br><br>No. 10-CV-1647 (NRB)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS & COLLECTIVE ACTION COMPLAINT** |

Defendants Ginza 1, LLC, Ginza 2, LLC, Ginza 3, LLC, Ginza 4, LLC, Ginza 5, LLC, Ginza 6, LLC, Ginza Management, LLC, Ginza Project, LLC, Mari Vanna, Victoria Natovich, and Tatiana B. Brunetti, jointly and severally (collectively "Defendants"), by their attorneys, Fox Rothschild, LLP, hereby answer the Complaint of Dennis Dukov and Stephanie Nelson, individually, and on behalf of all those similarly situated (collectively "Plaintiffs").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

NY1 470526v1 07/15/10

## NATURE OF THE ACTION

1. In response to paragraph 1 of the Complaint, Defendants deny the allegations.

2. In response to paragraph 2 of the Complaint, Defendants deny the allegations.

3. In response to paragraph 3 of the Complaint, Defendants deny the allegations.

4. In response to paragraph 4 of the Complaint, Defendants deny the allegations.

5. In response to paragraph 5 of the Complaint, Defendants deny the allegations.

6. In response to paragraph 6 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action alleging violations of the Fair Labor Standards Act. However, Defendants deny the substantive and procedural allegations of the Complaint and all allegations involving the collective action. Defendants do not waive the right to challenge those allegations in Court.

7. In response to paragraph 7 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action alleging violations of the New York Labor Law. However, Defendants deny the substantive and procedural allegations of the Complaint and do not waive the right to challenge those allegations in Court.

## JURISDICTION AND VENUE

3. Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 3. In response to the second paragraph 3 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that this Court has subject matter jurisdiction over the First Claim for Relief pursuant to the Fair Labor Standards Act.

4. In response to the second paragraph 4 of the Complaint, Defendants admit the allegations.

5. In response to the second paragraph 5 of the Complaint, Defendants admit the allegations.

## THE PARTIES

6. In response to the second paragraph 6 of the Complaint, Defendants lack knowledge and information sufficient to form a belief as to the residence of Plaintiffs.

7. In response to the second paragraph 7 of the Complaint, Defendants deny the allegations, except admit that Defendant Ginza 2, LLC operates Mari Vanna restaurant.

8. In response to paragraph 8 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

## COLLECTIVE ACTION ALLEGATIONS

9. In response to paragraph 9 of the Complaint, Defendants do not dispute that Plaintiffs filed an action claiming that Defendants allegedly violated the Fair Labor Standards Act. Defendants deny the substantive allegations of the Complaint and all allegations involving the collective action, and do not waive the right to challenge those allegations in this Court.

10. In response to paragraph 10 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

11. In response to paragraph 11 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

12. In response to paragraph 12 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

13. In response to paragraph 13 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

14. In response to paragraph 14 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

## **CLASS ALLEGATIONS**

15. In response to paragraph 15 of the Complaint, Defendants do not dispute that Plaintiffs filed a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure claiming that Defendants allegedly violated New York State's Labor Law.  However, Defendants deny the substantive allegations of the Complaint and all allegations involving the putative class action, and do not waive the right to challenge those allegations in Court.

16. In response to paragraph 16 of the Complaint, Defendants do not dispute that Plaintiffs filed a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure claiming that Defendants allegedly violated New York State's Labor Law.  However, Defendants deny the substantive allegations of the Complaint and all allegations involving the putative class action, and do not waive the right to challenge those allegations in  Court.

17. In response to paragraph 17 of the Complaint, Defendants do not dispute that Plaintiffs filed a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure claiming that Defendants allegedly violated New York State's Labor Law.  Defendants deny the substantive allegations of the Complaint, all allegations involving the putative class action and do not waive the right to challenge those allegations in Court.

18. In response to paragraph 18 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

19. In response to paragraph 19 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

NY1 470526v1 07/15/10

20. In response to paragraph 20 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

21. In response to paragraph 21 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

22. In response to paragraph 22 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

23. In response to paragraph 23 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

24. In response to paragraph 24 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

## STATEMENT OF FACTS

25. In response to paragraph 25 of the Complaint, Defendants deny the allegations, except admit that Defendant Ginza 2, LLC operates Mari Vanna restaurant.

26. In response to paragraph 26 of the Complaint, Defendants deny the allegations.

27. In response to paragraph 27 of the Complaint, Defendants admit the allegations.

28. In response to paragraph 28 of the Complaint, Defendants deny the allegations, except admit that Dukov worked for Defendants between August 2009 and February 2010.

29. In response to paragraph 29 of the Complaint, Defendants deny the allegations.

30. In response to paragraph 30 of the Complaint, Defendants deny the allegations.

31. In response to paragraph 31 of the Complaint, Defendants deny the allegations, except admit that they did not pay Plaintiffs "spread-of-hour" premiums.

32. In response to paragraph 32 of the Complaint, Defendants deny the allegations, except admit that they did not pay Plaintiffs the "call-in-pay" premium.

33. In response to paragraph 33 of the Complaint, Defendants deny the allegations, except admit that Nelson worked for Defendants until February 2010.

34. In response to paragraph 34 of the Complaint, Defendants deny the allegations.

35. In response to paragraph 35 of the Complaint, Defendants deny the allegations.

36. In response to paragraph 36 of the Complaint, Defendants deny the allegations.

37. In response to paragraph 37 of the Complaint, Defendants deny the allegations.

38. In response to paragraph 38 of the Complaint, Defendants deny the allegations.

39. In response to paragraph 39 of the Complaint, Defendants deny the allegations.

40. In response to paragraph 40 of the Complaint, Defendants deny the allegations.

41. In response to paragraph 41 of the Complaint, Defendants deny the allegations, except admit that other servers work and have worked at Mari Vanna and required little capital investment.

42. In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43. In response to paragraph 43 of the Complaint, Defendants deny the allegations, except admit that Defendants can identify the servers who work and have worked at Mari Vanna restaurant.

44. In response to paragraph 44 of the Complaint, Defendants deny the allegations.

45. In response to paragraph 45 of the Complaint, Defendants deny the allegations.

## **FIRST CLAIM FOR RELIEF**

### **Fair Labor Standards Act**

46. In response to paragraph 46 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-45 [sic].

47. In response to paragraph 47 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

6

48. In response to paragraph 48 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

49. In response to paragraph 49 of the Complaint, Defendants deny the allegations, except admit that Ginza 2, LLC has had gross revenues in excess of $500,000.00.

50. In response to paragraph 50 of the Complaint, Defendants admit that Plaintiffs alleged written consents are attached to the Complaint.

51. In response to paragraph 51 of the Complaint, Defendants deny the allegations.

52. In response to paragraph 52 of the Complaint, deny the allegations of the Complaint.

53. In response to paragraph 53 of the Complaint, deny the allegations of the Complaint.

54. In response to paragraph 54 of the Complaint, deny the allegations of the Complaint.

55. In response to paragraph 55 of the Complaint, deny the allegations.

8. [sic] Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was misnumbered as paragraph 8. In response to paragraph 8 [sic] of the Complaint, Defendants deny the substantive allegations, deny the allegations as conclusions of law and although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## SECOND CLAIM FOR RELIEF

### New York Labor Law

56. In response to paragraph 56 of the Complaint, Defendants respond to the allegations as set forth above in paragraph 1-55 [sic].

7

57. In response to paragraph 57 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

58. In response to paragraph 58 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

59. In response to paragraph 59 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

60. In response to paragraph 60 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

61. In response to paragraph 61 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

62. In response to paragraph 62 of the Complaint, Defendants deny the substantive allegations, deny the allegations as conclusions of law and although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

63. In response to paragraph 63 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

64. In response to paragraph 64 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

65. In response to paragraph 65 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

66. In response to paragraph 66 of the Complaint, Defendants deny the substantive allegations, deny the allegations as conclusions of law and although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

NY1 470526v1 07/15/10

67. In response to paragraph 67 of the Complaint, Defendants deny the substantive allegations, deny the allegations as conclusions of law and although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### THIRD CLAIM FOR RELIEF

### New York Labor Law – Failure to Pay Wages

68. In response to paragraph 68 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-67 [sic].

69. In response to paragraph 69 of the Complaint, Defendants deny the allegations.

70. In response to paragraph 70 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

71. In response to paragraph 71 of the Complaint, Defendants deny the substantive allegations, deny the allegations as conclusions of law and although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### FOURTH CLAIM FOR RELIEF

### New York Labor Law – Unlawful Gratuity Deductions

59. [sic]  Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 59. In response to misnumbered paragraph 59 of the Complaint, Defendants respond to the allegations as set forth above, in paragraphs 1-62 [sic].

60. [sic]  Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 60. In response to misnumbered paragraph 60 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

NY1 470526v1 07/15/10

61. [sic] Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 61. In response to misnumbered paragraph 61 of the Complaint, deny the substantive allegations and deny the allegations as conclusions of law.

62. [sic] Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 62. In response to misnumbered paragraph 62 of the Complaint, Defendants deny the substantive allegations, deny the allegations as conclusions of law and although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## FIFTH CLAIM FOR RELIEF

### New York Labor Law – Spread –of-Hours Pay

63. [sic] Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 59. In response to misnumbered paragraph 59 of the Complaint, Defendants respond to the allegations as set forth above, in paragraph 1-62 [sic].

64. [sic] Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 60. In response to misnumbered paragraph 60 of the Complaint, Defendants deny the substantive allegations and deny the allegations as conclusions of law.

65. [sic] Defendants note that Plaintiffs' Complaint contains a typographical error in which this paragraph was erroneously numbered paragraph 61. In response to misnumbered paragraph 61 of the Complaint, Defendants deny the substantive allegations, deny the allegations as conclusions of law and although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

In response to the paragraphs and sub-paragraphs under "Prayer for Relief," Defendants deny that Plaintiffs are entitled to any of the relief requested, or any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs had unclean hands.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel.  This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs and putative class or collective action members have received other wages, benefits and/or awards attributable to an injury for which they seek compensation in this case, such wages, benefits and/or awards should offset, in whole or in part, any award they

11

receive here for the same injury. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## SIXTH AFFIRMATIVE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C. §216(b) because they are not similarly situated and cannot establish or satisfy the requirements for a collective action pursuant to 29 U.S.C. § 216(b). Therefore, the collective action allegations of the Complaint should be stricken and dismissed.

## SEVENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment and post-judgment interest, injunctions, liquidated damages or attorneys' fees may be granted. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of federal or New York law. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

## TENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper,

reasonable and lawful and in the exercise of good faith. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### ELEVENTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendants act in a willful, wanton, reckless, and/or malicious manner. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted because, among other reasons, Plaintiffs were paid time and one-half their regular hourly rate for all hours worked in excess of forty in any work week during the period of time they were employed in a non-exempt capacity. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense may also apply to the claims of

some or all of the class of allegedly similarly situated persons.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207 or in Section 13(a) and/or (b) of the Fair Labor Standards Act, 29 U.S.C. § 213(a) and/or (b). This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs previously received compensation for their alleged underpayments in connection with, or as a result of, a payment to Defendants' employees supervised by the Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Defendants hereby invokes the doctrine of waiver to bar the claims asserted by Plaintiffs. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### NINETEENTH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by Plaintiff. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972). This defense may also apply to the claims of some or all of the class of allegedly similarly situated person.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiffs earned a rate of pay that is higher than the minimum wage, Defendants are not liable for any minimum wage claims, even if Plaintiffs were not compensated for all of the time worked. See U.S. v. Kinghoffer Bros. Realty Corp., 285 F.2d 487 (2d Cir. 1960). This defense may also apply to the claims of some or all of the class of allegedly similarly situated person.

NY1 470526v1 07/15/10

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiffs and the putative collective action members take nothing by the Complaint;

B. That the Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C. For such other relief as this Court may deem just and proper.

Dated: July 15, 2010　　　　　　　　　　FOX ROTHSCHILD LLP
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　*/s/ Eli Z. Freedberg*
　　　　　　　　　　　　　　　　　　　By:  CAROLYN D. RICHMOND
　　　　　　　　　　　　　　　　　　　　　　ELI Z. FREEDBERG
　　　　　　　　　　　　　　　　　　　100 Park Avenue, Suite 1500
　　　　　　　　　　　　　　　　　　　New York, New York 10017
　　　　　　　　　　　　　　　　　　　Tel:　(212) 878-7900
　　　　　　　　　　　　　　　　　　　Fax:　(212) 692-0940

## **CERTIFICATE OF SERVICE**

I, Eli Z. Freedberg, am an attorney admitted to practice in this Court, hereby state that on July 15, 2010, I caused a true and correct copy of the foregoing Defendants' Answer and Affirmative Defenses to Plaintiffs' Class and Collective Action Complaint to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

>Brent E. Pelton
>PELTON & ASSOCIATES PC
>111 Broadway, Suite 901
>New York, NY 10006
>
>*Attorneys for Plaintiffs*

>        */s/ Eli Z. Freedberg*
>ELI Z. FREEDBERG